**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Cobb,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>Catricia Howard,<br><br>　　　　　Respondent. | CV 20-00515-TUC-LCK<br><br>**ORDER** |

　　　　Petitioner Daniel Cobb, incarcerated at the U.S. Penitentiary in Tucson, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Before this Court are the Petition (Doc. 1), Respondent's Answer (Doc. 37), and Petitioner's Reply (Doc. 24). The parties consented to exercise of jurisdiction by a Magistrate Judge, pursuant to 28 U.S.C. § 636(c)(1). (Doc. 23.) The Court finds that the Petition should be dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

　　　　Petitioner is serving a federal sentence at USP Tucson. On September 9, 2019, Petitioner was charged with phone abuse (criminal) (Incident Report Number 3301589). (Doc. 37, Ex. A ¶ 8.) The Disciplinary Hearing Officer found the act committed as charged and sanctioned Petitioner with the loss of 41 days good conduct time, and loss of phone and email privileges for six months. (*Id.*, Ex. A, Attach. 3 at 2-3.)

　　　　After appeal, Petitioner received a re-hearing on the Incident Report. (Doc. 37, Ex. A ¶ 16.) The DHO found Petitioner committed two violations, telephone abuses other than

illegal activity and refusing a program assignment. (*Id.*, Ex. A, Attach. 3.) Petitioner was sanctioned with 90 days loss of visitation and telephone privileges; no good conduct time was sanctioned. (*Id.*) Upon appeal, the refusing a program assignment violation was expunged; the telephone abuse violation was upheld along with the loss of phone privileges. (*Id.*, Attach. 4 at 1.)

Petitioner filed a Petition for Writ of Habeas Corpus in this Court on November 23, 2020. (Doc. 1.) In Count 1, Petitioner alleges that, in proceeding on Incident Report Number 3301589 and taking 41 days of good conduct time, Respondent violated his right to due process. (*Id.* at 4.) He requests return of his good conduct time and expungement of the incident report. (*Id.* at 9.) Petitioner brought three additional claims, but the Court dismissed Counts 2-4. (*Id.* at 5-7; Doc. 9 at 4, 6.) After the Petition was filed, the Bureau of Prisons (BOP) audited Petitioner's sentence computation and restored 41 days of good conduct time. (Doc. 37, Ex. A, Attach. 6 at 2.)

**DISCUSSION**

Under 28 U.S.C. § 2241, inmates can petition for relief if they demonstrate they are in custody in "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). An inmate may obtain relief under § 2241 for loss of good time credits if the prison disciplinary proceeding did not comply with due process. *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989). This is because the loss of time credits affects the duration of the prisoner's confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973) (state prisoners' suit seeking restoration of good time credits was "within the core of habeas corpus in attacking the very duration of their physical confinement itself").

Respondent argues that the Court does not have jurisdiction over the Petition because Petitioner's good time credits have been restored; therefore, the Petition does not attack the duration of Petitioner's custody. Respondent provided documentation that the good conduct time taken away based on Incident Report Number 3301589 had been restored after Petitioner filed this case. (Doc. 37, Ex. A, Attach. 6 at 2.) In his Reply, Petitioner acknowledged the restoration of his good conduct credits. (Doc. 24 at 2.) As a

remedy, Petitioner asks the Court to expunge the violation for telephone abuse, restore his phone privileges, and allow him to communicate with his wife and daughter. (*Id.* at 43.)

"[H]abeas jurisdiction is absent . . . where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." *Ramirez v. Galaza*, 334 F.3d 850, 858-59 (9th Cir. 2003). Because expungement of the Incident Report would not dictate a shortening of Petitioner's period of confinement, Petitioner's challenge on that basis is not within this Court's habeas jurisdiction. *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011) (requiring a claim to be brought under § 1983 if it does not come within "the core of habeas corpus")). Similarly, a successful challenge to the loss of telephone privileges will not shorten Petitioner's sentence. *See Masters v. Johnson*, No. CV14-07147-RGK-DFM, 2015 WL 5092708, at *5 (C. D. Cal. June 10), report and recommendation adopted, 2015 WL 5096413 (C.D. Cal. Aug. 28, 2015) (citing *Ramirez*, 334 F.3d at 859); *see also Strouse v. Shartle*, No. CV-16-00237-TUC-RCC (EJM), 2017 WL 2224926, at *3 (D. Ariz. May 22, 2017) (finding no § 2241 jurisdiction for loss of commissary); *Everett v. Clark*, 52 F. App'x 959, 960 (9th Cir. 2002) (same) (citing *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (stating that habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of confinement, while a civil rights action is the proper method of challenging conditions of confinement)).

Petitioner argues that the prison is preventing him from having contact with his wife and daughter, which violates his constitutional rights. (Doc. 24 at 38-42.) These types of constitutional challenges, to conditions of confinement, cannot be brought in a habeas proceeding but may be raised in a civil rights suit. *See Badea*, 931 F.2d at 574. Petitioner asks that the Court address these constitutional claims in this proceeding so that he and the Court can avoid a subsequent lawsuit. The Court is unable to do so because it does not have jurisdiction over those claims in this habeas proceeding.

In the context of habeas cases, a petition is moot when a petitioner has received the requested relief or his claim for relief cannot be redressed by the issuance of a writ of

habeas corpus. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Munoz v. Rowland*, 104 F.3d 1096, 1097-98 (9th Cir. 1997). Petitioner has received the restoration of the good conduct time credits associated with Incident Report Number 3301589. The remaining relief sought is not within the jurisdiction of a habeas proceeding. Thus, the Petition is moot.

As a final matter, Petitioner's Reply takes issue with several statements in Respondent's Answer. (Doc. 24 at 1-25.) The Court does not address these objections because they are not material to the outcome of his case.

In a separate motion, Petitioner asks the Court to compel expungement of both violations under Incident Report Number 3301589, arguing that the Court already has directed Respondent to do so. As background, the orders cited by Petitioner state that both violations had been expunged during the administrative process. (Docs. 9, 21.) The statement appears to be partially erroneous. Regardless, the Court did not direct Respondent to take any action regarding expungement. And because expungement has no bearing on the length of Petitioner's sentence, it is not within this Court's jurisdiction. For those reasons, Petitioner's motion to compel will be denied.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion to Compel (Doc. 39) is **DENIED**.

**IT IS FURTHER ORDERED** that the Petition is **DENIED**. The Clerk of Court shall dismiss the Petition, enter judgment, and close this case.

Dated this 8th day of December, 2021.

*Honorable Lynnette C. Kimmins*
United States Magistrate Judge